IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSH EDWARDS,<br><br>    Plaintiff.<br><br>v.<br><br>CANADIAN NATIONAL RAILWAY CO., ILLINOIS CENTRAL RAILROAD CO., A CORPORATION, d/b/a CN-IC, CANADIAN NATIONAL WISCONSIN CENTRAL, WISCONSIN CENTRAL LTD.,<br><br>    Defendant. | 06CV1172<br>JUDGE PALLMEYER<br>MAG. NOLAN<br><br>FILED<br>J.N<br>MAR 03 2006<br>MAR 3 2006<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## COMPLAINT AT LAW

### FELA

NOW COMES the Plaintiff, JOSH EDWARDS, by and through his attorneys, GEORGE T. BRUGESS and HOEY & FARINA, P.C., and for his Complaint against the Defendants, CANADIAN NATIONAL RAILWAY CO., ILLINOIS CENTRAL RAILROAD CO. d/b/a CN-IC, CANADIAN NATIONAL WISCONSIN CENTRAL and WISCONSIN CENTRAL LTD., hereinafter Defendants, states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code sec. 56 and Title 28 U.S. Code sec. 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employer's Liability Act, 45 U.S.C. sec. 51 et seq.

3. At all times herein, Defendants were and are railroad corporations doing business in the State of Wisconsin.

4. At all times herein, the Defendants were common carriers by railroad engaged in interstate commerce.

5. On March 12, 2003 Plaintiff was performing work for Defendant in connection with, or in furtherance of defendants' business of interstate commerce and transportation.

6. On March 12, 2003 Plaintiff was ordered to relieve a train crew and take over a train on Defendants' track in Wisconsin.

7. At that time and place, Plaintiff was required to release a handbrake.

8. As Plaintiff was attempting to release the handbrake, the handbrake did not budge and Plaintiff was seriously injured.

9. It was the continuing duty of the Defendants as employer, at the time and place in question, to use ordinary care in furnishing plaintiff with a safe place to work.

10. In violation of its duties, the Defendants committed one or more of the following negligent acts or omissions:

    (a) failed to provide the Plaintiff with a safe place to work;

    (b) failed to warn the Plaintiff of the defective handbrake;

    (c) violated certain safety standards including FRA regulations and industry safety standards; and

    (d) failed to inspect its railcars for defective handbrakes;

(e) negligently inspected handbrakes;

(f) violated its own safety rules, engineering rules and operating rules;

(g) ordered Plaintiff to perform his job duties in an unsafe manner; and

(h) was otherwise careless and negligent.

11. Defendant's failure to provide Plaintiff, JOSH EDWARDS, with a safe place to work by one or more of the aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

12. Defendant violated the Safety Appliance Act, 49 U.S.C. § 20301, et. seq. by allowing to be used on its lines a railcar equipped with a malfunctioning and inefficient handbrake.

13. Defendants violation of the Safety Appliance Act caused or contributed to Plaintiff's injuries.

14. As a consequence, Plaintiff, JOSH EDWARDS, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, JOSH EDWARDS, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, JOSH EDWARDS, has incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

15. Plaintiff, JOSH EDWARDS, demands trial by jury.

WHEREFORE, the Plaintiff, JOSH EDWARDS, demands judgment in his favor and against Defendants, in a sum to be determined by the jury plus the costs of this suit.

Respectfully submitted,

By: _____
George T. Brugess

Attorneys for Plaintiff
Hoey and Farina, P.C.
542 S. Dearborn, Suite 200
Chicago, IL 60605
312/939-1212